**Ricardo VALDEZ–ROBLES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–70052.**
**INS No. A 70 916 272.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.[*]

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ricardo Valdez–Robles, a citizen of Guatemala, petitions for review of the Board of Immigration Appeals' denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252,[1] and we deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if it is " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84; *see also Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000); *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc). Additionally, the claimed persecution must be on account of one of the grounds set forth in 8 U.S.C. § 1101(a)(42)(A). *See id.* at 962.

While Valdez–Robles may have shown that the guerrillas used violence and threats in attempting to forcibly recruit him, the evidence does not compel the conclusion that he was persecuted on account of his political opinion, if any. *See Elias–Zacarias*, 502 U.S. at 482–83; *Molina–Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir.2001); *Cruz–Navarro v. INS*, 232 F.3d 1024, 1029–30 (9th Cir.2000). Nor was any persecution that was directed at him on account of his membership in a particular social group. *See Cruz–Navarro*, 232 F.3d at 1029; *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991).

**Petition DENIED.**[2]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

1. Valdez–Robles was placed into administrative proceedings after April 1, 1997. *See Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir. 1997).

2. Because Valdez–Robles did not meet the eligibility requirements for asylum, he was not entitled to withholding of deportation either. *See Ghaly*, 58 F.3d at 1429.

